No. 21,921.

THE LEBANON STATE BANK, *Appellee,* v. C. A. GARBER, *Appellant,* et al.

#### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Payable on Demand—Demand Unnecessary.* Demand is not necessary to fix the liability of a person primarily liable on a note payable on demand.

2. SAME—*Trial—No Error in Record.* Various assignments of error considered, and held to be without substantial merit.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed June 7, 1919. Affirmed.

*W. R. Mitchell,* of Mankato, for the appellant.

*R. W. Turner,* and *D. F. Stanley,* both of Mankato, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note given by the firm of Sullivan & Co., which it was alleged was composed of C. A. Garber, S. C. Flood, and others. The plaintiff recovered, and Garber appeals.

The note was dated October 7, 1912, and was payable generally on demand. The action was commenced on September 14, 1917, and the petition alleged that demand for payment had been made. A motion was filed to require the petition to be made more definite and certain by stating when and on whom demand had been made. The motion was properly denied.

The defendant who appeals cites a half dozen decisions to the effect that when a note is payable on demand, demand for payment must be made within a reasonable time. The decisions all relate to demand as a step in fixing liability of persons secondarily liable. The negotiable-instruments law expressly provides that presentment for payment is not necessary to charge a person primarily liable (Gen. Stat. 1915, § 6597), and no demand is necessary to charge the maker of a demand note (8 C. J. 527). In such a case the only function of demand is to fix maturity of the paper, but commencement

of action is of itself demand (8 C. J. 530), and the maker of a demand note may be sued immediately after delivery of the executed instrument. In this instance suit was commenced within the period of the statute of limitations, computed from the date of the note, and the question when and on whom demand had previously been made was not material.

Other grounds of the motion to make the petition more definite and certain were not well taken, and a demurrer to the petition was properly overruled.

The answers of Garber and Flood consisted of verified general denials of the allegations of the petition, Flood stating affirmatively, in addition to his denial, that he was not a member of the partnership, and did not execute the note or authorize its execution. Witnesses for the plaintiff testified to formation of the partnership and execution of the note to obtain funds to carry on the partnership business. The money thus obtained was left on deposit with the plaintiff, and was paid out on checks signed "Sullivan & Co., C. A. Garber" and "Sullivan & Co., by S. C. Flood." The checks were introduced in evidence, and tended to sustain the allegations of the petition, because they showed use of the firm name by Garber and by Flood in the appropriation of firm funds. The defendants offered in evidence two bundles of Garber's individual checks on his individual account, signed by himself, or signed "Chas. Garber, by S. C. Flood." The offer was properly refused.

It is said the offered checks would have explained why Garber and Flood happened to write checks against the account of Sullivan & Co., and would have shown they were given for the price of stock shipped by Garber and Flood with Sullivan & Co. The checks are not reproduced in the abstract, and it is not claimed they made any reference to Sullivan & Co. or its account or business, or contained any notations indicating the transactions to which they related; consequently, the checks themselves would have explained nothing, and would not have shown the purpose for which they were drawn. The distinction between the probative force of these checks and the checks introduced in evidence by the plaintiff is obvious. It is further said the aggregate amount of the checks would have tended to corroborate some testimony given by Garber and Flood. It was not necessary to encumber the record with the

checks themselves, to show how much they all amounted to. Giving of the checks was not disputed, the sum of their amounts was determinable by simple addition and was not disputed, and what the checks really meant in relation to the issues in the case depended entirely on the truthfulness and relevancy of explanations which Garber and Flood in fact gave.

The court gave the jury the following instruction:

"Statements of one alleged partner made in the absence of another person would not be competent evidence tending to prove that such other person was a partner, but you may take such statement into consideration in determining whether or not there was any partnership of which the person making the statements was a partner."

The first part of the instruction responded to a request of the defendants. Complaint is made of the latter part. Of course a declarant's statements may be considered against himself. Certain instructions requested by the defendants relating to demand were properly refused, for reasons already given. A request for an instruction concerning the right of the bank to charge the note to the account of the makers did not relate to any issue in the case. The verdict was amply sustained by the evidence.

The judgment of the district court is affirmed.